UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAE HYOP LEE | * | CIVIL ACTION NO.: 12-2316 |
| | * | |
| VS. | * | JUDGE TRIMBLE |
| | * | |
| ERIC HOLDER, ET AL | * | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Currently before the court is respondent's motion to dismiss the petition for writ of *habeas corpus* filed by petitioner Jae Hyop Lee.  Doc. 12.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. 636 § (b)(1)(B).

Petitioner, Jae Hyop Lee, filed this petition for writ of *habeas corpus* pursuant to 22 U.S.C. § 2241 seeking his release from Immigration and Customs Enforcement (ICE) detention alleging that his detention at the Federal Correctional Center Oakdale, Louisiana denies him meaningful access to the District Court for the Western District of Tennessee where he is pursuing a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  Petitioner also request that he be transferred to custody of the United States Marshals Service and transferred to a correctional center in Tennessee.  Additionally, petitioner seeks injunctive relief barring ICE from removing him during the pendency of his litigation in the Western District of Tennessee. Doc. 1.

In its motion, respondent submits that petitioner has been transferred from the custody of ICE to the custody of the United States Marshals Service in the Western District of Tennessee. Respondent states that the Honorable Diane K. Vescovo, United States Magistrate Judge for the

Western District of Tennessee, issued an Order and Writ for Habeas Corpus Ad Testificandum directed at Petitioner Lee's 28 U.S.C. § 2255 case before the Western District of Tennessee. Doc. 12, att. 5.  This Order directed that petitioner appear before Judge Vescovo in the Western District of Tennessee for a hearing set for February 9, 2012, and other hearings as the court directs.  In compliance with the writ, on January 27, 2012, ICE released petitioner from its custody in Oakdale, Louisiana and petitioner was transferred to the custody of the United States Marshals Service.  See Declaration of Brain Gueringer, ICE Acting Deputy Field Office Director, Doc. 12, att. 6.

Subsequently, petitioner was transported to Tennessee and housed in Western Tennessee Detention Center in Mason, Tennessee.  See Judge Samuel Mays, Jr. Order dated June 5, 2012, Doc. 12, att. 7.  Following a hearing on his 28 USC §2255 petition hearing, the Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, issued an order staying petitioner's 28 U.S.C. § 2255 action pending the United States Supreme Court's resolution of a dispositive legal issue.  *Id.*  Judge Mays further ordered that petitioner remain in custody at the Western Tennessee Detention Center pending final resolution of his habeas claim.  *Id.*  As of this date, petitioner remains in custody of the Unites States Marshall in Tennessee.

Since petitioner is no longer in the custody ICE, there is no longer a justiciable controversy before the court.  *See Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).

Accordingly,

IT IS RECOMMENDED that respondent's motion to dismiss be GRANTED.

IT IS FURTHER RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 9th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE